# In the United States Court of Federal Claims

No. 18-1697
Filed: April 8, 2021

|  |  |
|---|---|
| TRAVELERS EXCESS AND SURPLUS LINES CO., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING CASE**

On November 1, 2018, plaintiff, Travelers Excess and Surplus Lines Company, filed a long-form complaint in this case. Plaintiff's Original Complaint, ECF No. 1 [hereinafter Compl.]. In that Complaint, plaintiff argues that "[a]s a result of the Corps' release of water from the Addicks and Barker Reservoirs, certain property insured by Travelers was flooded. This flooding caused losses to real and personal property. Travelers has paid for certain insurance claims that are covered under the applicable insurance contract." *Id*. at 2. That same day, this case was stayed and consolidated pursuant to Case Management Order Number Five, issued in the Downstream Sub-Master Docket. *See* Case Management Order No. 5, Case No. 17–9002, ECF No. 27.

On February 18, 2020, the Court issued its Opinion and Order, granting defendant's Motion to Dismiss and Cross-Motion for Summary Judgment and denying plaintiffs' Motion for Summary Judgment. Opinion and Order, Case No. 17–9002, ECF No. 203. In that Opinion and Order, the Court found that neither the State of Texas nor federal law recognize a property interest in perfect flood control in the wake of an Act of God and that an Act of God cannot trigger Fifth Amendment takings liability. *See generally id*. On March 13, 2020, the Court issued an Order to Show Cause, directing that "any plaintiff with a currently-stayed case that believes it has a claim that was not resolved by the Court's February 18, 2020 Opinion and Order shall **SHOW CAUSE** as to why its case should not be dismissed." Scheduling Order and Order to Show Cause, Case No. 17–9002, ECF No. 208. Plaintiff responded to that Order on September 15, 2020, and defendant filed its Reply on October 8, 2020. *See generally* Travelers Excess and Surplus Lines Company's Response to The Court's Order to Show Cause as to Why Their Case Should Not Be Dismissed, ECF No. 13 [hereinafter Resp.]; Defendant United States' Refiling of its Response to Plaintiffs' Response to Show Cause Order, ECF No. 14 [hereinafter Reply].

In its Response to the Court's Order to Show Cause, plaintiff's argument is two-fold. First, plaintiff alleges that dismissal of its Complaint is "procedurally improper," as "Travelers has been deprived of any meaningful control over the litigation strategy and goals of the test case." Resp. at 2, 10. Second, plaintiff argues that, as there was no pressing need for an indefinite stay in its case, such a stay was an abuse of discretion." *Id*. at 10. In reply, defendant argues that the Court's "Show Cause Order process . . . provided the due process that these plaintiffs now claim is absent," and, moreover, that "plaintiffs who responded to the Show Cause Order failed to explain how their case is distinguishable from those already adjudicated in the Liability Opinion." Reply at 8.

After careful review of the record, the Court finds that nothing in the plaintiff's Response satisfies the Court's requirement to enumerate "how [its] claim is different from the previously adjudicated claims, and why the February 18, 2020 Opinion and Order left that claim unresolved." Scheduling Order and Order to Show Cause at 2, Case No. 17–9002, ECF No. 208. While the plaintiff objects to the fact that "[n]one of the test properties included properties making the basis of subrogated insurers' complaints," such an argument amounts to a red herring. These cases were decided based on the law, not based on the facts, and the plaintiff has not raised a sufficient basis as to why the law should apply differently to its specific cause of action.

Here, as in the rest of the Sub-Master Docket, "[t]hough the Court is sympathetic to the losses plaintiffs suffered as a result of Hurricane Harvey, the Court cannot find the government liable or find it responsible for imperfect flood control of waters created by an Act of God." Opinion and Order at 19, Case No. 17–9002, ECF No. 203. Accordingly, plaintiff's case is hereby **DISMISSED**. The Clerk of Court is directed to enter judgment consistent with the above.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge